UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

EDWARD RENDER,

                         Plaintiff,

v.

FCA US, LLC,

                         Defendant.

Case No. 19-cv-

Hon.

_____/

ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
29829 Greenfield Rd., Suite 102
Southfield, MI 48076
(248)569-9270
eric@stempien.com
_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Edward Render, by and through his attorneys, Stempien Law, PLLC,

hereby complains against Defendant FCA US, LLC and in support thereof states:

1. Plaintiff Edward Render ("Render" or "Plaintiff") is a resident of the City of

   Detroit, Wayne County, Michigan.

2. Defendant FCA US, LLC ("FCA" or "Defendant") is a foreign limited

   liability company that conducts systematic and continuous business in Wayne

   County, Michigan.

3. Jurisdiction is vested in this Court pursuant to 29 USC §2601, et. seq. and 28 USC §1331.

4. Render was employed with FCA until January 2018 when he was discharged from his employment.

5. Render was an eligible employee as that term is defined by the Family Medical Leave Act ("FMLA").

6. FCA is a qualified employer as defined by the FMLA.

7. The events giving rise to this action occurred in Wayne County, Michigan.

## COMMON ALLEGATIONS

8. Render began his employment with FCA in 2013.

9. In 2015, Render was discharged from his employment with FCA for allegedly violating the Defendant's attendance policy.

10. Render filed a grievance through the United Auto Workers' grievance process regarding his 2015 discharge.

11. In April 2017, Render was reinstated to his employment with FCA, but was subjected to a "Conditional Reinstatement Letter" which provided, among other things, that Render would be subject to immediate discharge for even one absence under a certain attendance policy applicable to union employees at FCA.

12. In November 2017, Render requested, and was granted, intermittent leave under the FMLA.

13. Render's FMLA leave in November 2017 was for serious health conditions, including major depression and generalized anxiety disorder.

14. The expected frequency for the FMLA leave, as certified by Render's treating medical provider, was 3 to 4 times per month.

15. On December 6, 2017, Render contacted the FMLA telephone line for Defendant and informed them that he would be on leave that day.

16. On December 7, 2017 Render contacted the FMLA telephone line for Defendant and informed them that he would be on leave that day.

17. On December 8, 2017, Render returned to work.

18. On January 11, 2018, Render was called into a meeting with his supervisor and one of Defendant's human resources employees and was informed that his employment was being terminated based on his alleged violation of the Conditional Reinstatement Letter.

19. During the time period from November 2017 when Render's FMLA leave was approved through the date of his discharge, Render's supervisor would continuously remind Render that he was on a "last chance agreement" and that any attendance issues would result in his immediate discharge. The supervisor delivered those statements to Render in a threatening manner.

## COUNT I
## VIOLATION OF FMLA – RETALIATION

20. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

21. When Plaintiff contacted the Defendant's FMLA line on December 6 and December 7, 2017 to inform them that he would be on leave those days, Plaintiff was exercising his rights under the FMLA.

22. When Defendant discharged Plaintiff for taking leave on December 6 and December 7, 2017, Defendant discriminated and/or retaliated against Plaintiff for exercising his rights under the FMLA.

23. Defendant's discrimination and/or retaliation was in violation of 29 USC §2615(a)(2).

24. As a direct and proximate result of Defendant's FMLA discrimination and/or retaliation, Plaintiff suffered damages, including, but not limited to: lost past and future wages, lost past and future employment benefits, interest, costs and attorney fees.

25. Further, because Defendant's violation of the FMLA was not in good faith and Defendant did not have a reasonable grounds for believing that the discharge was not a violation of the FMLA, Plaintiff is entitled to an award of liquidated damages pursuant to 29 USC §2617(a)(1).

## COUNT II
## VIOLATION OF FMLA – INTERFERENCE

26. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

27. Defendant interfered with Plaintiff's FMLA rights by failing to reinstate him to the same or equivalent position after his leave on December 6 and December 7, 2017.

28. Such interference is a violation of 29 USC §2615(a)(1).

29. As a direct and proximate result of Defendant's interference with Plaintiff's FMLA rights, Plaintiff has suffered damages as fully set forth in paragraphs 24 and 25 of this Complaint.

WHEREFORE, Plaintiff Edward Render prays that this Honorable Court to enter a judgment in his favor against Defendant FCA US, LLC in an amount that this Court deems fair and just, plus costs, interest and attorney fees.

## JURY DEMAND

Plaintiff Edward Render hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: October 10, 2019